RECEIVED
JAN 9 2023
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

Case 1:23-cv-00099-LY  Document 1  Filed 01/30/23  Page 1 of 6
Case 1:20-cr-00233-LY  Document 57  Filed 01/09/23  Page 1 of 6

FILED
JAN 09 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

FILED
2023 JAN 30 PM 4:39
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

1:23CV00099 LY

IN THE 427th JUDICIAL
DISTRICT COURT OF TRAVIS COUNTY, TEXAS

DEVONTE SPEARS
    Defendant

V.

THE STATE OF TEXAS

Case No. 1:20-cr-233
Case No. D-1-DC-20-301549

MOTION PURSUANT TO SENTENCE
ERROR OF RULE "18 U.S.C. §3585(b)"
NUNC PRO TUNC

    Comes now, Petitioner Spears respectfully requesting the court to order the (BOP) to cure and correct the calculation of federal sentence and state sentence ordered to run concurrent and correct jail credit applied, and to correct a mistake of judgment or understanding of clarification by BOP calculation center (D.S.C.C.).

PROCEDURAL HISTORY

    On (3/8/2022) Petitioner Spears was given a Detainer Action Form, while being housed in (BOP, Phoenix FCI). Petitioner had previously been sentenced to <u>60</u> months to run concurrent with his federal that he is actively completing at this time.

    State Action: IN THE 427th DISTRICT COURT
              of TRAVIS COUNTY, TEXAS
              Case No. D-1-DC-20-301549

    See Exhibit, Judgment of Conviction by Court dated 11/10/22

(1)

Petitioner received 783 days of jail credit toward state action that was ordered to run concurrently to federal sentence of 36 Months. Case No. 1:20-CR-00233-LY(1) However, petitioner is awaiting sentencing computation by (D.S.C.C.) The detainer action will stop petitioner from being referred for pre-release RRC, and to address risk and needs assessment, or any other FSA (First-Step Act) course offered by the BOP. Meaning the detainer will have an adverse effect on Petitioner's rehabilitation while being housed in federal custody. Petitioner returned from Writ on 11/21/2022. Petitioner exerts his right to request the remedy of such error the BOP is not complying with the judges order or reccomendation.

## POINT OF AUTHORITY PURSUANT TO LEGAL STANDARD

Under Rule "18 U.S.C. §3585(b)" NUNC PRO TUNC, A petitioner in custody has the power to seek relief from the court to correct an error of a defendants sentence, that the court has already made a ruling of, or correct a mistake that resulted in a significant error in a guidelines calculation with petitioner no other avenue available to correct the error. See, U.S. v. Comer, 2022 U.S. Dist. Lexis 95607 (W.D. Va. May 26th 2022); also U.S. v. Eccleston, 543 F. Supp. 3d 1092 (D.N.M. 2021)

The BOP's NUNC PRO TUNC designation should have the effect of running federal and state sentences concurrently. Id. The BOP considers the following five factors to determine if designation is appropriate:

(2)

1. The resources of the facility contemplated,
2. the nature and circumstances of the offense,
3. the history and characteristics of the prisoner,
4. Any statement by the court that imposed the sentence,
5. Any pertinent policy statement issued by the sentence commission to section "994 (a)(2) of title 18 U.S.C. §3621(b)".

However, pursuant to "18 U.S.C. §3585(b)", A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at the official detention facility, at which the sentence is to be served.

As here Petitioner Spears should be given credit toward the service of a term of imprisonment for anytime he has spent in official detention, prior to the date the sentence commences, and if ran concurrent to any other sentence that time is to be applied appropriately. Thereof:

(a.) As a result of the offense for which the sentence was imposed or,

(b.) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, that has not been credited against another sentence. Here no such circumstances applies.

A federal sentence or state sentence does not begin to run unless a prisoner is produced for prosecution pursuant to a Federal Writ of Habeas Corpus ad prosequendum. State custody commences when federal authorities issues notice of their obligation to do so.

(3)

See, U.S. v. Cole, 416 F. 3d 894, 897 (8th Cir. 2005). Primary jurisdiction over a defendant is generally determined by which sovereign jurisdiction first obtains custody of, or arrests, the defendant. See, U.S. v. Gonzalez, 192 F. 3d 350 (2nd Cir. 1999).

## RELIEF

Petitioner Spears request the Court to order the BOP to give credit of and apply all retroactive credit to both cases combined ordered by Honorable Judge Tamara Needles to which petitioner is entitled. See, Carter v. Lynch, 429 F. 2d 154, 157 (4th Cir. 1970).

Respectfully Submitted,

Devorie Spears
Davorbe Spears
1-3-23

(4)

**Pro Se Litigants**

Pro se pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 647 (7th Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under {2014 U.S. Dist. LEXIS 6}our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

UNSWORN DECLARATION UNDER PENALTY OF PERJURY

If executed within the United States, its Territories, Possessions or Commonwealths:

I **DEVONTE SPEARS** declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

PRINT **Devonte Spears**

SIGNATURE **Devonte Spears**

DATE **1-3-23**

1yccases                                                    2

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement

DEVONTE SPEARS
*(Full name, date of birth, identification #, address of petitioner)*
Petitioner,

v.

State: D-1-DC-20-301549

Case No.: 1:20-CR-00233-LY(CI)
*(Leave blank. To be filled in by Court.)*

UNITED STATES OF AMERICA
*(Full name and address of respondent)*
Respondent.

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday Jan. 3Rd, 2022, a copy of Motion under Nunc Pro Tunc was mailed via first class mail, postage prepaid, to Clerk of Court Western Dist. of Texas, Austin Division   501 W 5th St. ste 1100 Austin, TX. 78701

1-3-2022
Date

Devonte Spears
Signature of Petitioner

Devonte Spears
Printed Name   Phoenix FCI
37910 N. 45th AVE
Phoenix, AZ. 85086
Address

Telephone Number

Email Address

Instructions&Form2241 (09/2019)

Page 16 of 16